UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

James Trammell,                                         Case No. 1:06cv228
     Plaintiff

vs

David R. Caudill, Jr., et al.,                          **ORDER**
     Defendants                                       (Weber, J.)

     Plaintiff, a resident of Cincinnati, Ohio, brings this civil action alleging a violation of his rights.  By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

     In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(I).  A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of

a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915 (e)(2)(B)(ii-iii); 1915A(b)(1-2). In order to state a claim for relief under 42 U.S.C. § 1983, plaintiff must allege that the persons engaging in the conduct complained of were acting under color of state law and that this conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 517 (1984)). A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

Plaintiff, who is proceeding pro se, brings this action against David R. Caudill, the Clermont County, Ohio Clerk of Court, "Judge Haddad Court," "Security Woman," the Union Township Police Department, Stephanie Wyler, Jim McClannahan, and Lisa Banks. Plaintiff's complaint is very difficult to decipher. As best the Court can discern, plaintiff alleges the "Security Woman" framed him on a charge of public indecency, and that defendant McClannahan arrested him on this charge. He alleges "Judge Haddad Court" found him incompetent to stand trial and had him probated. The remaining allegations appear to be a compilation of unintelligible and disjointed thoughts. The Court is unable to discern the type of relief plaintiff is seeking.

In this case, plaintiff has failed to assert any claim with an arguable basis in fact or law, or

alternatively, has failed to state a claim upon which relief may be granted in this federal court. Plaintiff's factual allegations are virtually incomprehensible and, to the extent intelligible, fail to rise to the level of a violation of federal law. In addition, plaintiff's complaint alleges that both he and the defendants reside in Ohio. Therefore, there is no diversity of citizenship for purposes of diversity jurisdiction under 28 U.S.C. § 1332. There is no logical construction of plaintiff's complaint from which the Court can divine a viable claim against the defendants over which the Court might have jurisdiction.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal as frivolous, or alternatively, on the ground that the complaint fails to state a claim upon which relief may be granted. The complaint is hereby **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of this Order would not be taken in good faith and therefore denies plaintiff leave to appeal *in forma pauperis*. Plaintiff, a non-prisoner, remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

**IT IS SO ORDERED.**


Date:   4/19/06                                              S/Herman J. Weber
                                                             Herman J. Weber
                                                             United States Senior District Judge